# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5996 | **DATE** | 12/4/2002 |
| **CASE TITLE** | Peterson vs. United States of America, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Plaintiff's request for a TRO and preliminary injunction is denied with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | DEC 0 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | 22 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 02 DEC -4 PM 4:40 | | |
| | JD | courtroom deputy's initials | 01:0 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL G. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 02 CV 5996 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ILLINOIS ATTORNEY REGIS- | ) | |
| TRATION & DISCIPLINARY | ) | |
| COMMISSION, SUPREME COURT | ) | |
| FBI, DEA, MARY ROBINSON, | ) | |
| ADMINISTRATOR OF THE | ) | |
| ARDC, TRACY KEPLER & | ) | |
| ROSALYN KAPLAN | ) | |
| employees of the ARDC, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 0 5 2002

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's objections to Magistrate Judge Levin's Recommendation that his request for Preliminary injunctive relief be denied. For the reasons set forth below Plaintiff's objections are overruled.

## FACTUAL BACKGROUND

Plaintiff, Paul Peterson, an attorney suspended from the practice of law by the Illinois Attorney Registration and Disciplinary Commission ("ARDC") filed a complaint against Defendants, the United States Justice Department, the FBI, the DEA, the ARDC, the Illinois Supreme Court, and employees of the ARDC, Mary Robinson, Tracy Kepler and Rosalyn Kaplan. Plaintiff's complaint seeks a declaration as to the validity of the Religious Freedom

1

Restoration Act of 1993, 42 U.S.C. § 2000bb et seq.; for a finding that the Controlled Substances Act of 1970, 21 U.S.C. § 801 is unconstitutional, for a finding that certain rules of the Illinois Supreme Court and the Illinois ARDC are unconstitutional on their face or as applied, for a finding that certain employees of the Illinois Supreme Court and the Illinois ARDC violated the United States Mail Fraud Act, 18 U.S.C. §1341, and for a proper remedy to induce the FBI and/or the Department of Justice to commence a proper investigation of those persons found to have committed federal crimes. (Plaintiff's Complaint ¶1.) In addition Plaintiff claims his rights have been violated under the First Amendment, the Due Process Clause, the American With Disabilities Act, 42 U.S.C. § 2000d *et. seq.*, the Age Discrimination Act, 29 U.S.C. § 621 *et. seq.*, and the Civil Rights Act of 1964 (Plaintiff's Complaint ¶ 2).

Plaintiff was licensed as an attorney by the Illinois Supreme Court on November 1, 1982. On August 22, 2001, Mary Robinson, as Administrator of the ARDC, filed a disciplinary complaint against Plaintiff before the Hearing Board of the ARDC. The complaint charged, in Count I, that Plaintiff had engaged in criminal conduct that reflected adversely on his honesty, trustworthiness or fitness as a lawyer, in violation of Rule 8.4(a)(3) of Illinois' Rules of Professional Conduct by possessing cannabis. Count II of the complaint alleges that Plaintiff threatened to present disciplinary charges over another attorney to obtain an advantage in a civil matter, and used means in representing a client that have no substantial purpose other than to embarrass, delay or burden a third person, in violation of Rules 1.2(e) and 4.4 of Illinois' Rules of Professional Conduct. The complaint further alleged that Plaintiff's conduct violated Rule 8.4(a)(5) of Illinois' Rules of Professional Conduct, prohibiting conduct prejudicial to the

administration of justice, and Illinois Supreme Court Rule 771, which prohibits conduct that tends to bring the courts or the legal profession into disrepute.

On April 23, 2002 an evidentiary hearing was held in this matter before a panel of the ARDC's Hearing Board. On October 17, 2001, during the pendency of prehearing matters, the Administrator of the ARDC, Mary Robinson, submitted to the Illinois Supreme Court a petition seeking Plaintiff's interim suspension. The pretrial petition advised the Supreme Court of the pending disciplinary matters, and of the results of a psychiatric evaluation of Plaintiff. That petition was filed pursuant to Ill. Sup. Ct. Rule 774, which provides for the issuance of a rule to show cause to an attorney who is the subject of such a petition. Ill. Sup. Ct. R. 774 provides an opportunity for the attorney to file a responsive pleading before any suspension is imposed.

On December 27, 2001, the Illinois Supreme Court ordered Plaintiff suspended from the practice of law until further order. On September 11, 2002, the Hearing Board of the ARDC issued its report and recommendation in the matter, recommending that Plaintiff be suspended for thirty months and until further order of the Illinois Supreme Court. Further proceedings in this matter will be conducted in accordance with the requirement of Ill. Sup. Ct. R. 753, which provides that this disciplinary matter will eventually come before the Illinois Supreme Court for entry of a final order.

On August 22, 2002 Plaintiff filed the instant complaint. Plaintiff seeks the following relief: (1) a preliminary injunction against all Defendants; (2) requests this court to order the ARDC to lift his suspension and grant him an interview; (3) requests this court to order the ARDC to hire Plaintiff; (4) seeks an injunction against unethical activity by the ARDC

Defendants (5) to apologize to Plaintiff; and (5) to award Plaintiff $500,000 in compensatory damages.

This court referred the matter to Magistrate Judge Levin. On October 2, 2002 the Magistrate Judge issued a Report and Recommendation ("R&R") on the matter. The R & R recommended that Plaintiff's motion for preliminary injunctive relief as wall as mandatory injunctive relief be denied. On October 10, 2002 Plaintiff filed objections to Magistrate Levin's R & R. For the reasons set forth below these objections are overruled and Plaintiffs's request for injunctive ruling denied with prejudice.

## DISCUSSION

A federal district court is authorized to refer evidentiary hearings to a Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); FED. R.CIV. P. 72(b). Either party has ten (10) days to object in writing. *Id.* The district court then conducts a de novo review of the Magistrate Judges' R & R. *See* 28 U.S.C. § 636(b)(1). This de novo review is not the same as a de novo hearing. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980). Rather, the district court has the discretion to "accept, reject, modify, in whole or in part, the findings or recommendations made by the Magistrate." *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

The Magistrate Judge's Recommended Order concluded the following: (1) this court should abstain from hearing Plaintiff's case under *Middlesex Ethics Comm. v Garden State Bar Assoc.*, 457 U.S. 423 (182); under *Rooker-Feldman* set forth in *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1923) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) and *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrines; (2) Plaintiff is not entitled to injunctive relief under *Long v. Chicago Transit Authority*, 979 F. Supp. 1214, 1216 (N.D. Ill.

4

1997); (3) Plaintiff is not entitled to an order compelling investigations of the employees of the ARDC under *Smith v. Shook,* 237 F. 3d 1322 (11th Cir. 2001); and (4) Plaintiff has failed to satisfy the necessary factors to warrant the issuance of a preliminary injunction. The Magistrate Judge also concluded that Plaintiff had made no showing to equitable relief.

Plaintiff argues that the Magistrate Judge erred in reaching all of his conclusions. Plaintiff argues that the abstention doctrines relied upon by the Magistrate Judge are inapplicable to his situation because he has followed and pursued each and every step of state procedure, raising constitutional issues along the way but always been rebuffed. (Plaintiff's Objections pp. 2-3) Plaintiff further argues that Illinois Rules of Professional conduct applied in his case are unconstitutionally broad.

A.  **Abstention Doctrines.**

The *Rooker-Feldman* doctrine commands that federal district courts lack jurisdiction to review the decisions of state courts 406 U.S. 462, 476 (1923). The district court does not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *Levin v. ARDC,* 74 F. 3d 763, 766 (7th Cir. 1996)(*citing Feldman,* 460 U.S. at 486 and *Wright v. Tackell,* 39 F. 3d 155, 157 (7th Cir. 1994). A plaintiff "may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Wrights,* 39 F. 3d at 158 (quoting *Ritter,* 992 F. 2d at 754).

Here, Plaintiff is asking this court to review the decisions of the ARDC and the Illinois Supreme Court regarding his pending disciplinary proceedings and his interim suspension from the practice of law. Plaintiff asks this Court to order relief that would have the effect of altering the course of disciplinary proceedings before the ARDC and the conduct of the Defendants in

5

connection with those proceedings, such as requiring the ARDC to restore him to the practice of law and forcing the ARDC to employ him in a professional capacity. Plaintiff also seeks certain generalized relief, including an injunction against claimed illegal or unethical activity by the ARDC Defendants, an injunction against their contact with other agencies, an injunction requiring the ARDC to fund the Plaintiff's efforts and goals, and apology made to Plaintiff.

Although the ARDC Hearing Board has now decided Plaintiff's case, its recommendation is subject to appellate review by the Review Board, Ill. S. Ct. R. 753(d) and eventually, by the Illinois Supreme Court under Ill. Sup. Ct. R. 753(d). These decisions have not been made final. Plaintiff would not be able to obtain relief for these alleged statutory and constitutional claims without having this court review and reverse state court decisions. *See Newman v. State of Indiana*, 129 F. 3d 937, 942 (7th Cir. 1997). It is undisputed that the injunctive relief which Plaintiff seeks would have the effect of enjoining or controlling or modifying the course of these on-going disciplinary proceedings against him, and of dictating to the Illinois Supreme Court the status of Plaintiff's law license. This is something this Court cannot do and deprives this Court of its jurisdiction over the claims against the ARDC, its employees and the Illinois Supreme Court.

Application of the *Younger* abstention doctrine produces the same result. The basic principle of the *Younger* abstention doctrine is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings. *Barichello v. McDonald*, 98 F. 3d 948, 954 (7th Cir. 1996). The doctrine must be applied when three requirements are met: (1) the state judicial or judicial in nature state proceedings are on-going when the complaint is filed; (2) the proceedings implicate an important state interest; (3) there is an adequate opportunity in the state court proceeding to raise constitutional challenges. *Id.* at 955.

This case clearly meets all three *Younger* abstention requirements. Plaintiffs admits that he is currently the subject of on-going disciplinary proceedings with the ARDC. Second, the State of Illinois clearly has an interest in instituting proceedings against attorneys who engage in misconduct. Third, there is adequate opportunity afforded to Plaintiff in the state court proceedings to raise constitutional challenges.

To the extent Plaintiff complains of any alleged impropriety in the conduct of his disciplinary proceeding, or alleged unconstitutionality of the rules under which these proceedings have been conducted, Plaintiff may raise these issues before the ARDC, the Illinois Supreme Court, and if he sees fit, before any other appropriate Court after a final decision has been rendered by the Illinois Supreme Court. Given the status of the state proceedings, it would be both unnecessary and particularly intrusive for this Court to exercise jurisdiction over Plaintiff's attempt to circumvent the disciplinary proceedings against him. Therefore, it cannot be concluded as a matter of law that the Magistrate Judge erred in invoking these abstention doctrines and Plaintiff's objections are overruled.

### B. Injunctive Relief

Plaintiff further objects to Magistrate Judge Levin's conclusion that Plaintiff has failed to set forth sufficient facts to satisfy the factors necessary for a preliminary injunction to issue. Once again Plaintiff complains about the conduct of the ARDC; its employees and the Illinois Supreme Court. When determining whether to issue a preliminary injunction, the court considers whether Plaintiff has established: "1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied. If the moving party clears these hurdles, the court must then consider: 3) the irreparable harm the

7

nonmoving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer and 4) the public interest. *Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7thCir. 1996). In seeking relief directly from the Illinois Supreme Court, Plaintiff has invoked the Supreme Court's supervisory authority, which calls for an exercise of its judicial power. *McDunn v. Williams*, 156 Ill. 2d 288, 620 N.E. 2d 385, 392 (1993). The Court's denial of relief on each of Plaintiff's motions must be viewed either as ancillary to the pending disciplinary proceeding or as a final order and may be subject to review by writ of certiorari. *See, e.g., Levin v. Attorney Registration & Disciplinary Comm.*, 74 F. 3d 763, 766-67 (7th Cir. ), *cert. denied*, 518 U.S. 1020 (1996). Because Plaintiff's injunctive relief request either relates to a pending state matter, from which this Court must abstain, or it relates to a final order of the Illinois Supreme Court, Plaintiff has not established a reasonable likelihood of success on the merits of complaint.

Moreover, Plaintiff has failed to raise sufficient facts to support his allegation that he will suffer irreparable harm. Case law establishes that an attorney may challenge the constitutionality of disciplinary proceedings within the context of those proceedings and secure a determination of such issues from the Illinois Supreme Court. *See e.g. In re Samuels*, 126 Ill. 2d 509, 535 N.E. 2d. 808 (1989) and *In re Doyle*, 144 Ill. 2d 451, 581 N.E. 2d 669 (1991). To the extent that Plaintiff complaints of any alleged impropriety in the conduct of his disciplinary proceedings, or any unconstitutionality of the rules under which that proceeding has been conducted, he may raise these issues before the ARDC Boards, the Illinois Supreme Court, and, if he so sees fit, before the United States Supreme Court after a final decision has been rendered by the state court. Further, as discussed in *Shegog v. Bd. Of Educ. of the City of Chicago*, 194 F. 3d 834, 839 (7th Cir. 1999) the

8

temporary deprivation of employment does not inflict irreparable injury, and, therefore, does not justify a preliminary injunction. Plaintiff cannot establish irreparable harm. Therefore, Magistrate Judge Levin's Report and Recommendation is adopted in full and Plaintiff's objections overruled.

## CONCLUSION

For the reasons set forth above Plaintiff's request for a TRO and a preliminary injunction is denied with prejudice.

**So Ordered.**  **Entered:**

Ronald A. Guzman
**United States Judge**

DATED: _____