# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5996 | **DATE** | 5/6/2004 |
| **CASE TITLE** | PAUL G. PETERSON vs. USA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Attorney Registration and Disciplinary Commission, Mary Robinson, Tracey Kepler and Rosalyn Kaplan's motion to reconsider ruling as to Count VI [doc. No. 24-1] is granted. Defendants' alternative motion to stay further proceedings pending a final determination of plaintiff's disciplinary case [doc. No. 24-2] is denied as moot. All counts of plaintiff's complaint are now dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 07 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 34 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | MAY 07 2004 date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL G. PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) 02 C 5996 |
| UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, DRUG ENFORCEMENT AGENCY, ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, ILLINOIS SUPREME COURT, MARY ROBINSON, Administrator of the ARDC, TRACY KEPLER and ROSALYN KAPLAN, employees of the ARDC, | ) Judge Ronald A. Guzmán |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Attorney Registration and Disciplinary Commission ("ARDC"), Mary Robinson, Tracy Kepler, and Rosalyn Kaplan's Motion to Reconsider Ruling as to Count VI or, Alternatively, to Stay Further Proceedings Pending a Final Determination of Plaintiff's Disciplinary Case. For the reasons set forth below, the motion to reconsider is granted, and Count VI of the complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff Paul G. Peterson has sued Defendants the United States of America, the Department of Justice, the Federal Bureau of Investigation, the Drug Enforcement Agency,[1] the ARDC, the

---

[1] None of the federal defendants was served with the complaint.

Illinois Supreme Court, Mary Robinson, Administrator of the ARDC, and Tracy Kepler and Rosalyn Kaplan, employees of the ARDC, alleging numerous claims under the constitution; Titles I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* and 42 U.S.C. § 12131 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621; and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e. The facts alleged in the complaint were set forth in the Court's Memorandum Opinion and Order of August 28, 2003 ("8/28/03 Order") and will not be repeated here.

In the 8/28/03 Order, the Court granted the Illinois Supreme Court's motion to dismiss as to all counts against it. The Court granted in part and denied in part the ARDC's motion to dismiss. The Court denied the ARDC's motion to dismiss Count VI, which seeks declaratory relief and damages under Titles I and II of the ADA. Count VI against the ARDC was the only claim remaining after the 8/28/03 Order. Defendants now ask the Court to reconsider the denial of the motion to dismiss Count VI, or alternatively, to stay further proceedings pending a final determination of Plaintiff's disciplinary case.[2]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(b): "[A]ny order . . . which adjudicates fewer than all the claims . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *See Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 816 F. Supp. 1286, 1287 (N.D. Ill. 1993) ("Motions to reconsider are governed by Rule

---

[2] The Supreme Court of Illinois issued a ruling on the disciplinary case on March 12, 2004, in which Plaintiff was suspended from the practice of law for thirty months. This Court took judicial notice of the ruling on March 24, 2004.

2

54(b) when such motions are filed after an interlocutory order and before the entry of a 'final judgment.'"). Defendants have moved this Court to reconsider the 8/28/03 Order denying their motion to dismiss Plaintiff's ADA claim, arguing that: (1) the Eleventh Amendment bars Plaintiff's claim for declaratory relief and damages under the ADA; and (2) Plaintiff is not entitled to prospective injunctive relief.

The Court agrees with Defendants that the 8/28/03 Order was based on an erroneous reading of *Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003). The Court will therefore reconsider the motion to dismiss Count VI.

The Eleventh Amendment bars Plaintiff from suing for declaratory relief or damages under Title I or Title II of the ADA. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001); *Green v. Mansour*, 474 U.S. 64, 72 (1985); *Bruggeman*, 324 F.3d at 912. Indeed, Plaintiff concedes that he is not entitled to declaratory relief or damages under the ADA. (Pl.'s Resp. at 2.) Therefore, Count VI must be dismissed with prejudice to the extent it seeks declaratory relief and damages. Plaintiff alleges, however, that he may obtain prospective injunctive relief, *i.e.*, an order requiring the ARDC to interview and/or employ him. This claim must also be dismissed with prejudice.

First, the limited exception to the Eleventh Amendment bar on suits against states, announced in *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), "permits relief against state officials only when there is an ongoing or threatened violation of federal law." *Vickery v. Jones*, 100 F.3d 1334, 1346 (7th Cir. 1996). Plaintiff, on the other hand, seeks relief for the ARDC's past failure to hire him for a paralegal position. Second, Plaintiff acknowledges his suspension from the practice of law, pursuant to Illinois Supreme Court Rule 774. Illinois law has established clear guidelines upon which suspended attorneys must behave in relation to the legal community. *See* Ill. Sup. Ct. R. 764.

3

Illinois Supreme Court Rule 764(b) states that no suspended attorney can "maintain a presence or occupy an office where the practice of law is conducted." *Id.* Furthermore, the rule plainly states that this includes positions such as "lawyer, counsellor at law, legal assistant, legal clerk, or similar title." *Id.* Plaintiff's request to perform the work of a paralegal, a position for which the ARDC was not even seeking applicants, is inconsistent with this rule. The ARDC's refusal to consider his application for the position of staff attorney based on his current inability to practice law was proper. Furthermore, Plaintiff's request to waive the limitations in Rule 764(b) is meritless. Plaintiff offers no support for his contention that the Administrator can waive provisions of the Illinois Supreme Court Rules. *See Harris v. Annunzio*, 103 N.E.2d 477, 479 (Ill. 1952) (holding that Illinois Supreme Court Rules have the force of law). Therefore, Count VI, the only claim that survived the 8/28/03 Order, is dismissed with prejudice in its entirety.

## CONCLUSION

For the reasons stated above, Defendants Attorney Registration and Disciplinary Commission, Mary Robinson, Tracy Kepler, and Rosalyn Kaplan's Motion to Reconsider Ruling as to Count VI [doc. no. 24-1] is granted. Defendants' alternative Motion to Stay Further Proceedings Pending a Final Determination of Plaintiff's Disciplinary Case [doc. no. 24-2] is denied as moot. All counts of Plaintiff's complaint are now dismissed with prejudice. This is a final and appealable order.

SO ORDERED. 5/6/04   ENTERED: *Ronald A. Guzman*
HON. RONALD A. GUZMAN
**United States Judge**

4